SIGMUND ROSEN vs. GEORGE N. BLISS.

JULY 7, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Poor Debtor's Oath. Trespass on the Case. Pleading.*

Upon petition to take the poor debtor's oath, under Gen. Laws, 1909, cap. 326, it is too late for a creditor, after suing out a writ in an action of trespass on the case, and taking execution in the same form, to claim that the action should be treated as one of trespass.

(2) *Poor Debtor's Oath. Action of Trespass on the Case.*

A defendant being imprisoned for debt under execution in an action of trespass on the case is entitled to apply to take the poor debtor's oath under Gen. Laws 1909, cap. 326, such action not being one of those excepted in section ten of said chapter.

PETITION FOR WRIT of prohibition, and denied.

PER CURIAM. This is a petition for a writ of prohibition to prohibit the respondent from admitting one Sam Arnold, who was the defendant in an action brought by the petitioner, and who is now imprisoned on execution, to take the poor debtor's oath under cap. 326, Gen. Laws, R. I. 1909.

As the plaintiff in the original suit (who is the petitioner here) saw fit to sue out his writ in an action of trespass on the case, and to draw his declaration in the same form of action; and also to take judgment thereon by agreement with the defendant, and to take execution thereon in the same form, the court is of the opinion that the plaintiff (petitioner) can not now claim that the action can be treated as an action of trespass. We think it must be regarded, as the plaintiff has seen fit to make it himself, as an action of trespass on the case.

We are therefore of the opinion that the action, being trespass on the case, and the defendant being imprisoned for debt on the execution thereon, was entitled to apply for leave to take the poor debtor's oath under Gen. Laws, R. I. 1909, cap. 326, § 1; and that the action is not one of those mentioned in section 10 of the same chapter 326, in which the de-

fendant is not to be admitted to take the oath; for the same reasons as set forth in *Taylor, Symonds & Co., v. Bliss,* 30 R. I. 453, the petition for a writ of prohibition is therefore
    Denied   and   dismissed.

*Bellin & Bellin, Clarence N. Wooley,* for petitioner.

*Philip C. Joslin,* for respondent.